IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Appellee, | ) |
| | ) |
| v. | ) No. 23-4317 |
| | ) |
| JOSE ALEXIS MOLINA, | ) |
| | ) |
| Defendant- Appellant. | ) |

**Government's Motion for Summary Affirmance**

In 2023, a jury convicted the defendant, Jose Alex Molina, of illegally reentering the United States after an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a), (b)(2). JA98. Prior to trial, Molina moved to dismiss his indictment, arguing that § 1326(a) violated equal protection principles. Like dozens of other district courts across the country, the district court denied Molina's motion. JA93–JA97. The defendant appealed and then successfully moved this Court to hold his case in abeyance pending the Court's decisions in *United States v. Rodriguez* (No. 21-4563) or *United States v. Sanchez-Garcia* (No. 22-4072), either of which was poised, at the time, to resolve the identical equal protection challenge raised by Molina. As Molina explained in his abeyance motion, "[t]he decision in those cases should be dispositive for the constitutional issue in this appeal." (Dkt. No. 13 at 2).

Since then, this Court has heard oral argument and issued decisions in both cases. In *United States v. Sanchez-Garcia*, 98 F.4th 90 (4th Cir. 2024), this Court roundly rejected every aspect of Molina's equal protection claim.[1] In doing so, this Court joined the Third, Fifth, and Ninth Circuits, all of which have rejected the same equal protection challenge asserted here. *See United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 703 (2024); *United States v. Barcenas-Rumualdo*, 53 F.4th 859 (5th Cir. 2022); *United States v. Wence*, No. 22-2618, 2023 WL 5739844 (3d Cir. Sept. 6, 2023). Since this Court issued *Sanchez-Garcia*, the Seventh and Tenth Circuits and another panel of the Third Circuit have joined the unanimous chorus of opinions rejecting Molina's equal protection challenge. *See United States v. Viveros-Chavez*, — F.4th — , 2024 WL 3819304 (7th Cir. Aug. 15, 2024); *United States v. Amador-Bonilla*, 102 F.4th 1110 (10th Cir. 2024); *United States v. Gonzalez-Nane*, No. 23-1418, 2024 WL 3439773 (3d Cir. July 17, 2024).

On appeal, Molina continues pressing the same equal protection challenge. He concedes that "*Sanchez-Garcia* is binding precedent" and explains that he "seeks

---

[1] This Court heard oral argument in *Sanchez-Garcia* in seriatim with *Rodriguez*. After issuing *Sanchez-Garcia*, the Court speedily affirmed the decision in *Rodriguez*. *See United States v. Rodriguez*, No. 21-4563, 2024 WL 1462091 (4th Cir. Apr. 4, 2024) ("Consistent with our holding in *Sanchez-Garcia*, we affirm the judgment of the district court.").

2

to preserve his claim for future litigation aimed at overturning that decision." (Def. Br. 10.) To that end, Molina asserts that "*Sanchez-Garcia* was wrongly decided," and attempts to prove this point by reasserting the same arguments (Def. Br. 31–45) made by the defendants in *Rodriguez* and *Sanchez-Garcia*, and which this Court rejected.

But even if the Court were persuaded by Molina's arguments—all of which have been rejected by this and other courts of appeals and several dozen district courts—it would still be bound by *Sanchez-Garcia*. *See McMellon v. United States*, 387 F.3d 329, 356 (4th Cir. 2004) (en banc). And even if Molina suggested some new argument or theory—which he has not—the Court would still be bound by *Sanchez-Garcia*. *See Gibbons v. Gibbs*, 99 F.4th 211, 215 (4th Cir. 2024) ("Few—if any—judicial opinions reflect on and reject every conceivable counterargument, and 'the rule that one panel cannot overrule' another would be weak tea indeed if all a later panel had to do was identify a fact, theory, or argument a previous panel did not address." (quoting *McMellon*, 387 F.3d at 356)).

Because this Court now has binding precedent foreclosing Molina's equal protection challenge, and because Molina admits that this precedent is, in fact, binding, the Court should summarily affirm the district court under Fourth Circuit Local Rule 27(f). Under Rule 27(f)(1), the Court may summarily affirm where "the issues raised on appeal are … manifestly unsubstantial and appropriate for

3

disposition by motion." 4th Cir. R. 27(f)(1). Summary affirmance is appropriate "when a recent appellate decision directly resolves the appeal." *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006). Here, *Sanchez-Garcia*, a decision that is barely four months old, forecloses Molina's equal protection challenge. Molina does not contend otherwise. This Court should therefore summarily affirm the district court's denial of Molina's equal protection challenge.

This Court has granted similar motions for summary affirmance where recent on-point, binding precedent forecloses a recurring issue. For example, in *United States v. Deichert*, No. 17-4609, 2018 WL 11394828, at *1 (4th Cir. Apr. 19, 2018), this Court granted the government's motion for summary affirmance where intervening precedent, *United States v. McLamb*, 880 F.3d 685 (4th Cir. 2018), foreclosed the defendant's precise Fourth Amendment challenge. In *Washington Cnty. Bd. of Educ. v. Mallinckrodt Ard, Inc.*, No. 20-1643, 2020 WL 7230263, at *1 (4th Cir. Sept. 28, 2020), the Court granted the appellee's motion for summary affirmance where, among other things, the appellant's arguments, "conflict[ed] with binding authority from the Supreme Court and this court."

This case is a prime candidate for summary affirmance. The equal protection challenge raised by Molina has received sustained attention in this and other courts of appeals. This Court first heard oral argument on the issue in January 2022, in *United States v. Palacios-Arias* (No. 21-4020). Ultimately, however, the Court

4

remanded for reconsideration of a separate issue, and therefore it did not resolve the disputed equal protection challenge. *See United States v. Palacios-Arias*, No. 21-4020, 2022 WL 1172167, at *2 n.* (4th Cir. Apr. 20, 2022). The Court then returned to the issue in *Rodriguez* and *Sanchez-Garcia*, hearing argument in both cases on the same day. With the aid of briefing and argument from four separate attorneys, as well as six amicus briefs, this Court finally resolved the equal protection challenge in *Sanchez-Garcia*. In rejecting the defendants' equal protection challenge, this Court heavily relied on *N.C. State Conf. of the NAACP v. Raymond*, 981 F.3d 295 (4th Cir. 2020), and *Abbott v. Perez*, 585 U.S. 579 (2018). Therefore, to succeed here, Molina, would need to convince this Court to revisit both *Raymond* and *Sanchez-Garcia*, all while contending with Supreme Court precedent to the contrary. But on appeal, Molina simply makes the same arguments this Court rejected in *Sanchez-Garcia*. As explained above, and as Molina recognizes, this Court is currently bound by *Sanchez-Garcia*, notwithstanding his disagreement with the decision. Thus, as far as the Fourth Circuit is concerned, Molina's challenge is now a non-starter. After years of litigation, and with uniform binding precedent foreclosing his challenge, Molina's equal protection claim is "manifestly unsubstantial and appropriate for disposition by motion." 4th Cir. R. 27(f)(1)."[2] For

---

[2] In addition to being a waste of resources, ordering full briefing in this case (as well as any other where the Federal Public Defender's Office intends to take the

precisely this reason, since issuing their respective decisions in *Barcenas-Rumualdo* and *Carrillo-Lopez* rejecting the same equal protection challenge raised here, the Fifth and Ninth Circuits have granted numerous motions for summary affirmance in light of those decisions.[3]

To summarize, intervening precedent of this Court forecloses Molina's equal protection challenge. Molina agrees that such precedent is binding on the Court. He raises the issue on appeal strictly for purposes of preservation. Every court of appeals in the country has rejected Molina's challenge. This Court has granted motions for

---

same approach) will largely be unproductive. Resources aside, this Court is bound by *Sanchez-Garcia*, and Molina does not contend otherwise. He has simply reasserted the same arguments in this appeal as the Court rejected in *Sanchez-Garcia*. As is the case here, any would-be response brief from the government will largely reiterate that "*Sanchez-Garcia* is binding." Full briefing will not meaningfully add to what has already been said about the issue.

[3] *See United States v. Estrada-Maduena*, No. 21-50277, 2024 WL 3517599, at *1 (9th Cir. Apr. 25, 2024); *United States v. Alvarado-Lopez*, No. 23-2385, 2024 WL 3292710, at *1 (9th Cir. Mar. 29, 2024); *United States v. Martinez-Martinez*, No. 23-2389, 2024 WL 3290412, at *1 (9th Cir. Mar. 28, 2024); *United States v. Castillo-Lujan*, No. 23-2398, 2024 WL 3292700, at *1 (9th Cir. Mar. 28, 2024); *United States v. Facio-Servin*, No. 23-1335, 2024 WL 3292702, at *1 (9th Cir. Mar. 28, 2024); *United States v. Ramirez-Aguilar*, No. 23-2392, 2024 WL 3292713, at *1 (9th Cir. Mar. 27, 2024); *United States v. Salas-Bautista*, No. 23-1991, 2024 WL 2836893, at *1 (9th Cir. Feb. 28, 2024); *United States v. Hernandez-Lopez*, No. 22-20625, 2023 WL 4015227, at *1 (5th Cir. June 14, 2023), *cert. denied*, 144 S. Ct. 502 (2023); *United States v. Nolasco-Ariza*, No. 22-50943, 2023 WL 3222813, at *1 (5th Cir. May 3, 2023), *cert. denied*, 144 S. Ct. 500 (2023); *United States v. Valencia-Ayala*, No. 23-1253, 2023 WL 10447839, at *1 (9th Cir. Dec. 15, 2023), *cert. denied*, 144 S. Ct. 1378 (2024).

summary affirmance in similar circumstances. And other courts of appeals have granted motions for summary affirmance in identical circumstances.

For the foregoing reasons, this Court should summarily affirm the decision of the district court because Molina's appeal is "manifestly unsubstantial" in light of this Court's binding precedent and the uniform wall of authority on the issue.[4] Summarily affirming the denial of Molina's motion to dismiss in light of *Sanchez-Garcia* will promote judicial efficiency, avoid additional briefing expenses by the parties, and effectively preserve Molina's arguments for further review.[5]

Counsel for Molina opposes the government's motion for summary affirmance. By separate motion, the government will move to suspend the briefing schedule in this case. *See* 4th Cir. R. 27(f)(3). Defense counsel does not oppose this request.

---

[4] Other appeals raising the identical issue are still pending before the Court in various stages. *See United States v. CacChon* (No. 21-4004); *United States v. Flores*, (No. 21-4603); *United States v. Villalobos*, (No. 21-4604). All of these appeals were initially held in abeyance for a decision in either *Rodriguez* or *Sanchez-Garcia*, and all the defendants are represented by the same parties in the Federal Public Defender's Office and the U.S. Attorney's Office in the Eastern District of Virginia. These same two parties briefed and argued the *Rodriguez* appeal.

[5] Molina does not explain what he means by "further review." (Def. Br. 10.) Neither of the seven defendants in *Rodriguez* or *Sanchez-Garcia* sought en banc review in this Court. To the extent Molina seeks to preserve his equal protection challenge solely to file a petition for certiorari in the Supreme Court, that would further support summary affirmance.

7

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____

Joseph Attias
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3892

8

**Certificate of Compliance**

This motion complies with the type-volume limitation set forth in Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,723 words.

This motion also complies with the typeface and type-style requirements in Fed. R. App. P. 32(a)(5) and (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

By: _____/s/_____

Joseph Attias
Assistant United States Attorney