IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     *Plaintiff/Appellee*, ) | |
| ) | |
| v.   ) | Case No. 23-4317 |
| ) | |
| JOSE ALEXIS MOLINA ) | |
|     *Defendant/Appellant.* ) | |

APPELLANT'S RESPONSE TO GOVERNMENT'S
MOTION FOR SUMMARY AFFIRMANCE

Counsel for the appellant, Jose Alexis Molina, submit this response to the government's motion for summary affirmance. *See* Doc. 29 ("Motion"). This Court should deny the motion, resume briefing, and proceed to full consideration of Mr. Molina's appeal.

In the district court and in his opening brief in this Court, Mr. Molina challenged the constitutionality of his conviction for illegal re-entry under 8 U.S.C. § 1326. *See* Appellant's Br., Doc. 27. He argued that the illegal re-entry statute was enacted with an intent to discriminate against Hispanic individuals like him, and that the law has in fact had a discriminatory effect since its passage. Mr. Molina contended that, as a result, § 1326 violated the equal protection guarantee of the Fifth Amendment. This Court has rejected a similar argument in *United States v. Sanchez-*

*Garcia*, 98 F.4th 90 (4th Cir. 2024). Based on this precedent, the government has asked this Court to summarily affirm Mr. Molina's conviction.

Summary disposition by this Court requires "a showing that the issues raised on appeal are in fact manifestly unsubstantial." 4th Cir. Local R. 27(f)(1). The government has not made such a showing, and for the following reasons, the Court should deny the government's motion.

1.  To start, the *issue* in this appeal is indeed a substantial one. The issue is whether a federal statute is unconstitutional because it discriminates based on race and national origin. Courts around the country have devoted considerable attention to that question, resulting in a great many published opinions. It is true that most courts, including this one, have rejected the argument. But the Supreme Court has not yet weighed in, and to counsel's knowledge no court has treated the issue as frivolous.

2.  Next, the government is incorrect to assert that Mr. Molina has simply repeated the exact same arguments that were made in *Sanchez-Garcia* (or its companion case, *United States v. Alvarez Rodriguez*, No. 21-4563, 2024 WL 1462091 (4th Cir. Apr. 4, 2024), *pet'n for cert. filed*, U.S. No. 24-5026). For one thing, Mr. Molina urged the Court to make a definitive holding on the appropriate legal framework for an equal protection argument like the one he has made. Appellant's Br. at 21. In *Sanchez-Garcia*, the government argued for rational-basis

review, while the defendants argued that the Court should apply heightened scrutiny under *Arlington Heights*.[1] The Court avoided making a square holding by assuming that *Arlington Heights* applied. 98 F.4th at 98. In Mr. Molina's case, the Court could (and should) directly reach that issue and hold that *Arlington Heights* applies, and doing so would not be inconsistent with *Sanchez-Garcia*.

3. Moreover, Mr. Molina raised arguments that *Sanchez-Garcia* itself was wrongly decided because it misapplied *Arlington Heights*—an argument that necessarily could not have been raised in *Sanchez-Garcia*. One new aspect of that argument is based on Fifth Circuit Judge Graves's dissent in *United States v. Barcenas-Rumualdo*, 53 F.4th 859, 869 (5th Cir. 2022). *See* Appellant's Br. at 41-42. A judge on this Court could well express a similar criticism of this Court's precedent—and even call for en banc review—as they have done on many occasions while still respecting the binding nature of a prior panel's decision.[2]

---

[1] *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252 (1977).

[2] *See, e.g.*, *United States v. Mathis*, 103 F.4th 193, 199 (4th Cir. 2024); *United States v. Lassiter*, 96 F.4th 629, 640-642 (4th Cir. 2024) (Agee, J., concurring); *United States v. Kinard*, 93 F.4th 213, 216-217 (4th Cir. 2024) (Keenan, J., and Heytens, J., concurring); *United States v. Kemp*, 88 F.4th 539, 547-553 (4th Cir. 2023) (Quattlebaum, J., concurring); *United States v. Brown*, 67 F.4th 200, 215-218 (4th Cir. 2023) (Heytens, J., concurring), *vacated and remanded*, ___ S. Ct. ___, 2024 WL 3259683 (July 2, 2024); *Stinnie v. Holcomb*, 37 F.4th 977, 983 (4th Cir. 2022) (Harris, J., concurring), *vacated by grant of rehearing en banc*, 2022 WL 3210714 (4th Cir. Aug. 9, 2022); *United States v. Lockhart*, 917 F.3d 259, 265-267 (4th Cir.

4. Turning to the government's arguments, the government appears to discount the possibility of en banc review based on the fact that the defendants in *Sanchez-Garcia* and *Alvarez Rodriguez* did not file petitions for rehearing. Motion at 7 n.5. But a defendant may choose to forgo a rehearing petition for any number of reasons, and other defendants' choices are not binding on Mr. Molina. It would be premature for Mr. Molina to make a decision about rehearing at this juncture. What the government's observation highlights, however, is that so far only three judges on this Court have had a chance to address the constitutionality of § 1326, because none of the previous defendants have sought en banc review. Mr. Molina's appeal gives the rest of the Court an opportunity to weigh in and potentially express criticism of the *Sanchez-Garcia* decision.

5. The government cites only two examples of summary affirmances from this Circuit, but neither case compels the same result here. *See* Motion at 4. In one case, the defendant essentially did not oppose the government's motion. *See United States v. Deichart*, No. 17-4609, Doc. 31 (Mar. 5, 2018). In the other, the Court noted that the appellant's arguments were "based on a plain misreading of the district court's order" and conflicted with binding Supreme Court precedent. *Washington Cnty. Bd. of Educ. v. Mallinckrodt ARD Inc.*, No. 20-1643, Doc. 29 at 2, 2020 WL

---

2019) (Gregory, C.J., concurring) and at 267-268 (Floyd, J., concurring), *vacated by grant of rehearing en banc*, 771 F. App'x 204 (4th Cir. 2019).

7230263, at *1 (4th Cir. Sept. 28, 2020). Mr. Molina has not "misread" the district court's order in his case, and there is no binding Supreme Court precedent on the issue presented.

6. Instead of following those easily distinguishable cases, the Court should take its normal course of receiving full briefing, even where a party's primary argument is that the Court's prior precedent is wrong. *See, e.g.*, *United States v. Alleyne*, 457 F. App'x 348, 350 (4th Cir. 2011), *reversed*, *Alleyne v. United States*, 570 U.S. 99 (2013); *United States v. Hardin*, No. 22-4432, 2024 WL 1171205, at *1 (4th Cir. Mar. 29, 2024), *pet'n for cert. filed*, U.S. No. 24-5329; *United States v. Thompson*, 813 F. App'x 918, 920 (4th Cir. 2020).

For these reasons, the Court should deny the government's motion for summary affirmance, resume briefing, and proceed to consideration of the case in the normal course.

                                                          Respectfully submitted,

                                                          GEREMY C. KAMENS
Federal Public Defender
for the Eastern District of Virginia

                                                            /s/ Patrick L. Bryant
Patrick L. Bryant
Brooke S. Rupert
Assistant Federal Public Defenders
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800
Patrick_Bryant@fd.org
Brooke_Rupert@fd.org

August 29, 2024

# CERTIFICATE OF COMPLIANCE

1. This Motion has been prepared using Microsoft Word for Office 365 software, Times New Roman font, 14-point proportional type size.

2. The body of this response, exclusive of the case caption, title, and signature block, contains no more than 5,200 words, specifically 1,078 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

      August 29, 2024                                /s/ Patrick L. Bryant
                Date                                              Patrick L. Bryant
                                                              Assistant Federal Public Defender